UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAURIE BENI,

                             Plaintiff,

          -against-                                **REPORT AND**
                                                                  **RECOMMENDATION**
STATE OF NEW YORK, NEW YORK STATE          CV 18-615 (JMA) (ARL)
OFFICE OF PARKS, RECREATION AND
HISTORICAL PRESERVATION, and
JOSEPH REYES, in his individual and
official capacity,

                             Defendants.
-------------------------------------------------------------X
      **LINDSAY, Magistrate Judge:**

      Plaintiff Laurie Beni brings this action against the State of New York ("New York"), New York State Office of Parks, Recreation and Historical Preservation ("OPRHP" and together with New York, the "State Defendants"), and Joseph Reyes, in his individual and official capacity ("Defendant Reyes", and together with the State Defendants, "Defendants") for violation Title VII, 42 U.S.C. §2000e, et seq. ("Title VII")[1], 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1985, New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL") and assault and battery.  Currently before the Court, on referral from District Judge Azrack, is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and12(b)(6).  For the reasons set forth below, the undersigned respectfully reports and recommends that the State Defendants' motion to dismiss be granted, in part, denied in part, and Defendant Reyes' motion to dismiss be granted, in part, denied, in part.

---

[1] Although Plaintiff lists Title VII in Paragraph 1 of the Complaint, Plaintiff does not actually assert a claim against any of the Defendants pursuant to Title VII.

# BACKGROUND

### A. Factual Background

The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff is currently a civilian employee of the OPRHP and has served as such for approximately 17 years. Compl. ¶ 18. Plaintiff was assigned to Long Island Regional Office located in Suffolk County, New York. *Id.*

Defendant, the State of New York is a municipal corporation, incorporated in the State of New York, and resides in all municipalities of New York. *Id.* at 11. Defendant, OPRHP is an agency of the State of New York located with its main office located at 625 Broadway, Albany NY 12207, and a regional office at 625 Belmont Avenue, West Babylon, NY. *Id.* at ¶ 12. Defendant Reyes was formerly an employee New York. *Id.* at ¶ 15. Defendant Reyes has since retired with full compensation package by crediting newly applied time. *Id.* at ¶ 84.

Plaintiff alleged that in September 2014, when Defendant Reyes was the highest ranking officer in the OPRHP, he began insisting Plaintiff go on a date with him. *Id.* at ¶ 20. At that time, Defendant Reyes threatened Plaintiff with a write up for insubordination for her refusal to agree to a date. *Id.* at ¶¶ 22-25; 29. At some later point, Defendant Reyes began inappropriately touching Plaintiff. *Id.* at ¶ 26. In January 2015, Defendant Reyes invited Plaintiff to his home for Valentine's Day and shortly thereafter began sending her pictures of his fireplace along with pictures of lingerie, robes and massage oils he intended to buy for her. *Id.* at ¶¶ 32-33.

Defendant Reyes then began approaching Plaintiff while she was on the phone in her office and massaging her arms and shoulders with lotion. *Id.* at ¶¶ 37-39. This touching continued through October and November 2015. *Id.* at ¶¶ 41-45. In January 2016, Defendant Reyes grabbed Plaintiff's face and began rubbing her shoulders and tried to remove her bra strap. *Id.* at ¶ 47. On January 21, 2016, Defendant Reyes dismissed the rest of the staff early and summoned Plaintiff to his office, where he lit candles and set up a portable massage chair. He locked the door, forced Plaintiff into the chair and tried to remove her bra. *Id.* at ¶¶ 53-58. Plaintiff was ultimately able to convince Defendant Reyes to unlock the door and she was allowed to leave. In the Complaint Plaintiff alleges that at each point she unequivocally rebuked Defendant Reyes' advances. *Id.* at ¶¶ 22, 24, 27, 34, 39, 45, 50. Plaintiff alleges that she was physically afraid of Defendant because of his temper, as well as afraid he would "write her up" which he repeatedly threatened to do. *Id.* at ¶¶ 25, 29, 67, 73.

According to Plaintiff, she discussed the issue "with Ms. Wright who handled human resource complaints and explained that the complaints were for Plaintiff and no one else." *Id.* at ¶ 72. Plaintiff advised Ms. Wright that she feared retribution if she filed a formal complaint and wanted to know if anything could be done to protect her. *Id.* at ¶73. It appears no formal complaint was ever filed. Nevertheless, it is Plaintiff's position that "Defendant Reyes reputation for harassment and aggressive tendencies was well known within" OPRHP. *Id.* at ¶ 80.

Based upon the foregoing set of facts Plaintiff has asserted ten causes of action (although there is no Sixth Cause of Action, thus in actuality only nine claims area asserted). Plaintiff alleges a "violation of rights secured by 42 U.S.C. § 1983" against all Defendants (First Cause of Action); Individual Supervisory Liability – 42 U.S.C. § 1983 against Defendant Reyes (Second

Cause of Action); Equal Protection – 42 U.S.C. § 1983 against Defendant Reyes (Third Cause of Action); *Monell* against the State Defendants (Fourth Cause of Action); conspiracy under 42 U.S.C. § 1985(3) against all Defendants (Fifth Cause of Action); discrimination pursuant to NYSHRL against the State Defendants (Seventh Cause of Action); discrimination pursuant to NYSHRL against Defendant Reyes for disciplining or retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer (Eighth Cause of Action); discrimination pursuant to NYSHRL against Defendant Reyes for adding and abetting discriminatory conduct (Ninth Cause of Action); and assault and battery against Defendant Reyes (Tenth Cause of Action).

### B. Procedural Background

Plaintiff filed her complaint on January 29, 2018. On October 19, 2018, the State Defendants moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12 (b)(6). In support of their motion to dismiss the State Defendants rely upon their Memorandum of Law in Support of Defendants State Of New York And New York State Office of Parks, Recreation and Historic Preservation's Motion to Dismiss ("State Def. Mem."). On the same day, Defendant Reyes also moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) and 12(b)(6). Defendant Joseph Reyes' Memorandum of Law in Support of Motion to Dismiss ("Reyes Mem."). Plaintiff opposed both motions. In support of her opposition, Plaintiff relies upon, Plaintiff's opposition to Defendant's Motion to Dismiss ("Pl. Mem."). By Order dated November 2, 2018, these motions were referred to the undersigned by Judge Azrack.

## DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(1)

4

"'When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first.'" *Craig x. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *4 (E.D.N.Y. Jan. 13, 2015) (quoting *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[F]ederal courts are courts of limited jurisdiction which thus requires a specific grant of jurisdiction." *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009) (internal quotation marks and citations omitted); *see Gunn v. Minton*, 568 U.S. 251 (2013); *see also Allen v. Mattingly*, No. 10 CV 0667 (SJF)(ARL), 2011 U.S. Dist. LEXIS 34206, 2011 WL 1261103, at *5 (E.D.N.Y. Mar. 29, 2011) ("[f]ederal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction") (citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Under both Rule 12(b)(1) and Rule 12(b)(6) "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).  "When considering a motion to dismiss, courts are generally limited to examining the sufficiency of the pleadings, but where a party challenges the court's subject matter jurisdiction, the court may resolve

5

disputed jurisdictional fact issues by reference to evidence outside the pleadings." *Baur v. Comm'r of Soc. Sec.*, No. 10-CV03781 (CBA), 2011 U.S. Dist. LEXIS 52128, 2011 WL 1877726, at *2 (E.D.N.Y. May 16, 2011) (internal quotation marks and citation omitted). Moreover, "[i]n contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 361 (E.D.N.Y. 2010). Finally, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, (2002); *see Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512 JFB ARL, 2006 U.S. Dist. LEXIS 16507, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006).

### 2. Standard of Review - Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal quotation marks omitted). "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network*, 458 F.3d at 156). "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)). In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

### B.  Motion to Dismiss For Lack of Subject Matter Jurisdiction

The State Defendants contend that the Eleventh Amendment and sovereign immunity deprive this Court of subject matter jurisdiction with respect to Plaintiff's claims based on 42

U.S.C. § 1983, including Plaintiff's *Monell* claim, to the extent they are brought against them. Similarly, Defendant Reyes argues that the Eleventh Amendment and sovereign immunity deprive this court of subject matter jurisdiction with respect to Plaintiff's claims against him in his official capacity.[2] Plaintiff argues that this Court should find that a carve out exists to permit claims pursuant to 42 U.S.C. § 1983 to override the protections of the Eleventh Amendment. Pl. Mem. at 9, 14.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has made clear for over a century "that the Constitution does not provide for federal jurisdiction over suits against non-consenting states." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003) (citations omitted). "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald,* 518 F. App'x 12, 13 (2d Cir. 2013) (citations omitted). "Absent consent, the Eleventh Amendment to the United States Constitution bars suits in federal court by private parties against a State, one of its agencies or departments or a state official acting in his or her official capacity." *Colvin v. State University College at Farmingdale,* No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2863224 at *10 (E.D.N.Y. June 19, 2014) (citing *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 502, 118 S. Ct. 1464, 140 L. Ed. 2d

---

[2] Defendant Reyes has not addressed the claims asserted against him in his individual capacity. Since these claims are not barred by the Eleventh Amendment they may proceed. *See, e.g., D'Ambrosio v. Bast Hatfield, Inc.*, 6:12-CV-1895 (NAM/TWD)2015 U.S. Dist. LEXIS 144739, 2015 WL 6454791 (N.D.N.Y. Oct. 26, 2015); *Dean v. New York City Transit Auth.*, 297 F. Supp. 2d 549, 556 (E.D.N.Y. 2004) ("state actors can be sued in their individual capacities under § 1983 for violations of federal rights").

626 (1998) ("[A] state official is immune from suit in federal court for actions taken in an official capacity") (citation omitted))

"There are three limited exceptions to state sovereign immunity." *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 2013 WL 4046257, at * 5 (E.D.N.Y. 2013). First, a state may waive its Eleventh Amendment immunity. *See id.; Walker*, 253 F. App'x at 61. Second, pursuant to a grant of constitutional authority, Congress may abrogate the sovereign immunity of the states. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) (Congress can abrogate state immunity under Section 5 of the Fourteenth Amendment). Finally, "under the Ex parte Young doctrine, sovereign immunity does not preclude a plaintiff from seeking prospective injunctive relief against a state official acting in his or her official capacity for ongoing violations of federal law." *Tiraco v. N.Y State Bd. Of Elections,* 963 F. Supp. 2d 184, 192 (E.D.N.Y. 2013)*; see In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007); *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284, 298 (E.D.N.Y. 2013).

With respect to the claims asserted by Plaintiff, "New York State has not waived its sovereign immunity in § 1983 suits, and Congress has not abrogated its immunity." *Spiteri v. Russo*, No. 12-CV-2780, 2013 U.S. Dist. LEXIS 128379, 2013 WL 4806960, at *22 (E.D.N.Y. Sep. 7, 2013) (citing case); *see also Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015) ("[i]t is well settled that Congress did not abrogate the States' sovereign immunity by enacting [Section] 1983 and New York has not waived its immunity with respect to Section 1983 claims"); *Garcia v. Paylock*, No. 13-CV-2868 (KAM), 2014 U.S. Dist. LEXIS 10568, 2014 WL 298593, at *3 (E.D.N.Y. Jan. 28, 2014)( "[t]he State has not waived its immunity, nor has its immunity been abrogated, for the causes of action plaintiff has asserted pursuant to 42 U.S.C. §§

9

1983"); *Strasser v. New York*, No. 9:10-CV-141 (FJS/DEP), 2012 U.S. Dist. LEXIS 11802, at *10, 2012 WL 253391(N.D.N.Y. Jan. 26, 2012) (*Monell* dealt with claims against local municipalities not covered by the Eleventh Amendment, as distinct from a state and its agencies, . . . and, thus, *Monell* provides no basis to permit plaintiff to assert claims against the state or its agencies, and all such claims should therefore be dismissed"). Plaintiff here does not seek injunctive relief,[3] and therefore, it is respectfully recommended that Plaintiff's first, second, third and fourth causes of action against the State Defendants and Defendant Reyes in his official capacity be dismissed.

### C. Motion to Dismiss Section 1985 Claim

In her fifth cause of action, Plaintiff contends that Defendants violated 42 U.S.C. § 1985 in that they conspired to discriminate and retaliate against Plaintiff on the basis of gender. Defendants argue that a conspiracy claim cannot be asserted against them because pursuant to the intra-corporate conspiracy doctrine a conspiracy claim cannot be asserted against a state entity and its employees. State Def. Mem. at 6-8; Reyes Mem. at 3-4. In response, Plaintiff argues that it is premature for the Court to rule on this motion prior to any discovery, without addressing the intra-corporate conspiracy doctrine. Pl. Mem at 9-11. The Court notes, however, that the Eleventh Amendment bars claims against the State Defendants and Defendant Reyes in his official capacity under § 1985. *See M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*, No. 09 Civ. 5236(PAC), 2010 U.S. Dist. LEXIS 75127, 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010);

---

[3] "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *City of Shelton v. Hughes*, 578 F. App'x 53, 55 (2d Cir. 2014) (internal quotation marks and citations omitted). For example, "[c]laims for reinstatement of previous employment satisfy the Ex parte Young exception to the Eleventh Amendment's sovereign immunity bar." *Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2863224 at *10 (E.D.N.Y. June 19, 2014) (internal quotation marks and citations omitted). Plaintiff seeks only damages for past conduct and therefore her claims do not fall under the Ex parte Young exception.

*Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466-68 (S.D.N.Y. 2006). Thus, it is respectfully recommended that Plaintiff's Section 1985 claim against the State Defendants and Defendant Reyes in his official capacity be dismissed with prejudice.

With respect to Plaintiff's remaining claim against Defendant Reyes in his individual capacity, Section 1985 provides that:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the person so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42. U.S.C. § 1985(3). To allege a violation, a plaintiff must claim: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a U.S. citizen. *See Emmons v. City University of New York*, 715 F. Supp. 2d 394 (E.D.N.Y. Jun. 2, 2010). "[A] §1985(3) violation must be motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Id.* at 416 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)). "In other word, the intended victims must be victims not because of any malice the conspirators have toward them, but because of their membership in or affiliation with a particular class." *Id.*

Moreover, to survive a motion to dismiss, a plaintiff must set forth "specific factual allegations" regarding the conspiracy. *Vertical Broadcasting, Inc. V. Town of Southampton*, 84 F. Supp. 2d 379, 389-90 (E.D.N.Y. 2000). The plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).

According to the intra-corporate conspiracy doctrine, which applies to § 1985 conspiracy claims, *see Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978), "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Fitzgerald v. City of Troy, N.Y.*, No. 10-CV-451, 2012 U.S. Dist. LEXIS 168592, 2012 WL 5986547, at *23 (N.D.N.Y. Nov. 28, 2012) (quoting *Jefferson v. Rose*, 869 F. Supp. 2d 312 (E.D.N.Y. 2012) (quotations and citations omitted). Where all alleged co-conspirators are employed by the same municipal entity, the intra-corporate conspiracy doctrine precludes a conspiracy claim. *See Fitzgerald*, 2012 U.S. Dist. LEXIS 168592, 2012 WL 5986547, at *24 (citing *Baines v. Masiello*, 288 F. Supp. 2d 376, 394-95 (W.D.N.Y. 2003) (holding that a conspiracy claim brought against "the Common Council, the Mayor, and the City Clerk" was barred by the intra-corporate conspiracy doctrine); *Broich v. Inc. Vill. of Southampton*, 650 F. Supp. 2d 234, 247 (E.D.N.Y. 2009) (holding that conspiracy claims against the Village Board trustees, mayor, and former and current chief of police are barred by the intra-corporate conspiracy doctrine).

"'An exception to the intra-corporate conspiracy doctrine applies to individuals within a single entity when they are pursuing personal interests wholly separate and apart from the entity.'" *Cowan v. City of Mount Vernon*, 95 F.Supp.3d 624, 650 (S.D.N.Y. 2015) (quoting *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 292 (E.D.N.Y. 2010)). "In order for the exception to apply, '[t]he plaintiff must also allege that [the defendants] acted other than in the normal course of their corporate duties.'" *Ali v. Connick*, 136 F.Supp.3d 270, 283 (E.D.N.Y. 2015) (quoting *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 72 (2d Cir. 1976)). With respect to Defendant Reyes, the allegations in the Complaint support an inference that he was acting in his own interest rather than in the course of his employment when he invited Plaintiff

into an office filled with candles and a massage chair. *See, e.g.*, Compl. ¶¶ 53-57. However, there is not a single allegation in the complaint supporting a finding that he conspired with anyone to further this purpose. This lack of specificity is fatal to Plaintiff's claim. "A constitutional conspiracy claim must be pled with at least some degree of particularity." *Laverpool v. New York City Transit Auth.*, 760 F. Supp. 1046, 1061 (E.D.N.Y. 1991) (citing *Bertucci v. Brown*, 663 F. Supp. 447, 454 (E.D.N.Y. 1987); *Neustein v. Orbach*, 732 F. Supp. 333, 346 (E.D.N.Y. 1990)).

Accordingly, it is respectfully recommended that Plaintiff's Section 1985 claim against Defendant Reyes in his individual capacity be dismissed.

### D. State Defendants' Motion to Dismiss NYSHRL Claim

The State Defendants argue that Plaintiff's claim pursuant to the NYSHRL must be dismissed because Plaintiff has failed to allege an adverse employment action. State Def. Mem. at 9. Plaintiff responds that she has sufficiently alleged that the State Defendants were aware of Plaintiff's complaints and was either grossly negligent in supervising the employees that handle employee complaints or was deliberately indifferent to Plaintiff's situation. Pl. Mem. at 12.

A liberal reading of Plaintiff's complaint indicates that Plaintiff has asserted a violation of the NYSHRL based upon the creation of a hostile work environment. The NYSHRL prohibits employers from discriminating against any individual with respect to the terms, conditions, or privileges of employment, because of such individual's sex.[4] *See Erasmus v. Deutsche Bank Ams. Holding Corp.*, No. 15 Civ. 1398 (PAE), 2015 U.S. Dist. LEXIS 160351, 2015 WL 7736554 (S.D.N.Y. Nov. 30, 2015); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs*,

---

[4] "In the employment discrimination context, [New York's] human rights laws utilize an analysis that 'parallels the analysis used in Title VII claims,' meaning that the elements of a Title VII claim govern claims under the NYSHRL and NYCHRL, as well." *Erasmus*, 2015 U.S. Dist. LEXIS 160351 at * 20 (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000)).

13

*P.C.*, No. 11-cv-5035, 2012 U.S. Dist. LEXIS 110935, 2012 WL 3241402, at *13 (E.D.N.Y. Aug. 3, 2012). "One form of gender discrimination prohibited by [NYSHRL] is sexual harassment that results in a 'hostile or abusive work environment.'" *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). "Under this doctrine, even if an employee does not experience a specific negative action, he may have a viable claim under [NYSHRL] for sexual discrimination where the harassment is so pervasive that it changes the conditions of employment." *Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 512 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).

"To state a claim for gender-based hostile work environment in violation of Title VII [or the NYSHRL], a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks and citation omitted).

On a motion to dismiss the Court must "assess the totality of the circumstances, considering a variety of factors, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010) (internal quotation marks and citation omitted). "[P]sychological harm, like any other relevant factor, may be taken into account, [but] no single factor is required." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)).

Significantly, the NYSHRL "does not set forth a general civility code for the American workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (internal quotation marks omitted). "[A] plaintiff alleging a hostile work environment must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [his] working environment." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.* (internal quotation marks omitted). There is no requirement that Plaintiff plead an adverse employment action because the creation of the hostile work environment in and of itself is deemed to have changed the conditions of Plaintiff's employment resulting in an adverse employment action. *See, e.g., White v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 1376 (CM), 2014 U.S. Dist. LEXIS 45419, 2014 WL 1273770, at *16 (S.D.N.Y. Mar. 28, 2014) ("Being forced to endure a hostile work environment qualifies as an adverse employment action"); *Lee v. Sony BMG Music Entm't, Inc.*, No. 07-CV-6733 (CM), 2010 U.S. Dist. LEXIS 19481, 2010 WL 743948, at *11 (S.D.N.Y. Mar. 3, 2010) ("A hostile work environment claim is actionable only as a form of prohibited discrimination, with the hostile work environment being the adverse employment action")

Plaintiff here has adequately alleged the existence of a hostile work environment. Plaintiff has alleged that in September 2014, when Defendant Reyes was the highest ranking officer in the OPRHP, he began insisting Plaintiff go on a date with him. Compl ¶ 20. Defendant Reyes threatened Plaintiff with a write up for insubordination for her refusal to agree to a date. *Id.* at ¶¶ 22-25; 29. At some later point in time Defendant Reyes began inappropriately touching Plaintiff. *Id.* at ¶ 26. In January 2015, Defendant Reyes invited

15

Plaintiff to his home for Valentine's Day and shortly thereafter began showing her pictures of his fireplace along with lingerie, robes and massage oils he intended to buy for her. *Id.* at ¶¶ 32-33. Defendant Reyes then began approaching Plaintiff while she was on the phone and massaging her arms and shoulders with lotion. *Id.* at ¶¶ 37-39. This touching continued through October and November 2015. *Id.* at ¶¶ 41-45. In January 2016, Defendant Reyes grabbed Plaintiff's face and began rubbing her shoulders and tried to remove her bra strap. *Id.* at ¶ 47. On January 21, 2016, Defendant Reyes dismissed the rest of the staff early and summoned Plaintiff to his office, where he lit candles and set up a portable massage chair. He locked the door, forced Plaintiff into the chair and tried to remove her bra. *Id.* at ¶¶ 53-58. Plaintiff was ultimately able to convince Defendant Reyes to unlock the door and she was allowed to leave. In the Complaint plaintiff alleges that at each point she unequivocally rebuked Defendant Reyes' advances. *Id.* at ¶¶ 22, 24, 27, 34, 39, 45, 50. Plaintiff alleges that throughout the period she was physically afraid of Defendant because of his temper, as well as afraid he would "write her up." *Id.* at ¶¶ 25, 67, 73. For purposes of a motion to dismiss, Plaintiff has adequately alleged a series of serious events which, taken as true for purposes of this motion, created a hostile work environment. Accordingly, it is respectfully recommended that the State Defendant's motion to dismiss the Sixth Cause of Action be denied.

### E. Defendant Reyes' Motion to Dismiss NYSHRL Claims

Plaintiff asserts two claims against Defendant Reyes under the NYSHRL. First, Plaintiff alleges that Defendant Reyes retaliated against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer. Compl. ¶ 123. Defendant Reyes argues that this claim must be dismissed because the liability of the employer is a predicate for liability. Defendant Reyes is correct; however, Plaintiff may satisfy this burden at trial and this is not a

16

ground for dismissal. Thus, the undersigned respectfully recommends that Defendant Reyes motion to dismiss the Eighth Cause of Action be denied.

Second, Plaintiff alleges that Defendant Reyes is liable for discriminating against Plaintiff because the NYSHLR states that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. Law § 296(6). This language allows "a co-worker who actually participates in the conduct giving rise to a discrimination claim to be held liable under the NYSHRL even though that co-worker lacked the authority to either hire or fire the plaintiff." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (internal quotation marks omitted).

While there appears to be a split in this Circuit as to whether, under some circumstances, a person can be liable as an aider and abettor for their own discriminatory conduct, the weight of the authority tips decidedly in favor of allowing the aider and abettor claim to go forward. *Compare Green v. Rochdale Vill. Soc. Servs:. Inc.*, No. 15-CV-5824 (BMC), 2016 U.S. Dist. LEXIS 102697, 2016 WL 4148322 (E.D.N.Y. Aug. 4, 2016) ("an individual cannot be held liable for merely aiding and abetting her own discriminatory conduct"); *Raneri v. McCarey*, 712 F. Supp. 2d 271, 282 (S.D.N.Y. 2010) ("An individual cannot aid and abet his own alleged discriminatory conduct."), *with Johnson v. Cty. of Nassau*, 82 F. Supp. 3d 533, 536 (E.D.N.Y. 2015) ("[A] plaintiff may succeed in a claim under the NYSHRL by showing the employer entity's having encouraged, condoned, or approved the discriminatory conduct of a sole employee—the same discriminatory conduct which then, perhaps circularly, proves individual liability under the aiding and abetting provision . . . ." (quotation marks omitted)); *Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 436 (E.D.N.Y. 2012) ("[T]he law in this Circuit seems clear that a defendant may be held liable for aiding and abetting allegedly unlawful

discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability"); *Anand v. N.Y. State Dep't of Taxation & Fin.*, 10 CV 5142, 2012 U.S. Dist. LEXIS 85744, 2012 WL 2357720, at *10 (E.D.N.Y. June 18, 2012) (holding that individual defendants may be liable in their individual capacities for aiding and abetting their own conduct); *Tully-Boone v. N. Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 427 (E.D.N.Y. 2008) (noting that until the Second Circuit revisits *Tomka*, a defendant "may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability"). Thus, the undersigned respectfully recommends that Defendant Reyes' motion to dismiss the Ninth Cause of Action, for aiding and abetting discriminatory conduct as prohibited by the NYSHRL be denied.

### F. Defendant Reyes' Motion to Dismiss Assault Claim

Defendant Reyes moves to dismiss Plaintiff's tenth cause of action for assault and battery on the grounds that the statute of limitations for assault and battery under New York law is one year. Def. Reyes Mem. at 6. Plaintiff does not respond to this argument. "A plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims." *Youmans v. Schriro*, No. 12 Civ. 3690(PAE), 2013 U.S. Dist. LEXIS 171011, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013); *see also M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ.*, No. 09 Civ. 5236(PAC), 2010 U.S. Dist. LEXIS 75127, 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (collecting cases); *Anti—Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue.").

Nevertheless, in New York, claims for the intentional tort of assault are governed by a one-year statute of limitations. N.Y. Civ. Prac. L. & R. § 215(3); *see also Ashjari v. Nynex Corp.*,

182 F.3d 898 (2d Cir. 1999) ("Under N.Y. C.P.L.R. § 215(3), claims of assault and battery . . . must be brought within one year from the date the claim accrued."); *Sawyer v. Wight,* 196 F. Supp. 2d 220, 228 (E.D.N.Y. 2002) ("There is a one year statute of limitations for assault and battery claims in New York."). Plaintiff alleges that the harassment took place between 2014 and 2016. Compl. ¶ 5. This action was filed on January 29, 2018, therefore Plaintiff's claim is time barred. Thus, it is respectfully recommended that Defendant Reyes' motion to dismiss the assault and battery claim against him be granted.

### G. Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

"[A] federal court should generally decline to exercise supplemental jurisdiction over state law claims, if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction and the complaint's federal claims are dismissed in the litigation's 'early stages.'" *Pelt v. City of New York,* No. 11-CV-5633, 2013 U.S. Dist. LEXIS 122848, 2013 WL 4647500, at *19 (E.D.N.Y. Aug. 28, 2013) (internal quotation marks and citations omitted); see *Choe v. Fordham Univ. Sch. of Law,* 81 F.3d 319, 319 (2d Cir. 1996) (holding it is clear a district court holds discretion to "decline supplemental jurisdiction [over state law claims] when all claims over which the district court had original jurisdiction have been properly dismissed"); *see also* 28 U.S.C. § 1367(c)(3). Moreover, while a court possesses the discretion to retain jurisdiction, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state law claims." *Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003) (internal quotation marks and citation omitted); *Uvidia v. Kohl's Dep't Stores,* CV 14-6028 (ARL), 2016 U.S. Dist. LEXIS 131546, 2016 WL 5390134 (E.D.N.Y. Sept. 26, 2016).

19

Here, the State Defendants urge the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims, in the event such claims are not dismissed. In response, Plaintiff argues that the "nexus of the claims against the State Defendants and Defendant Reyes are so intertwined that the claims should be permitted to proceed hand-in-hand." Pl. Mem. at 13. The Court agrees. Since Defendant Reyes has not moved to dismiss the Section 1983 claims asserted against him individually and those claims will proceed in this Court, it is respectfully recommended that this Court retain jurisdiction over Plaintiff's state law claims against the State Defendants.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
      August 19, 2019

                                                   /s/
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge