UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAURIE BENI,

                Plaintiff,

   -against-

STATE OF NEW YORK, NEW YORK STATE
OFFICE OF PARKS, RECREATION AND
HISTORICAL PRESERVATION, and
JOSEPH REYES, *individually and in his official capacity*,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-00615 (JMA) (ARL)

**AZRACK, United States District Judge:**

On January 29, 2018, plaintiff Laurie Beni ("Plaintiff") commenced this action against the State of New York, the New York State Office of Parks Recreation and Historic Preservation (the "State Defendants"), and Joseph Reyes in his individual and official capacity (collectively, the "Defendants"), alleging violations of Title VII, 42 U.S.C. § 200e, et seq., 41 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1985, and New York state law. (ECF No. 1.) On October 19, 2018, the State Defendants and Reyes separately moved to dismiss Plaintiff's complaint. (ECF Nos. 17, 19.) On November 2, 2018, the Court referred Defendants' motions to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R").

On August 19, 2019, Judge Lindsay issued an R&R recommending that Defendants' motions to dismiss be granted in part and denied in part. (ECF No. 21.) Specifically, Judge Lindsay recommended that all of Plaintiff's causes of action be dismissed except for: (1) the first cause of action alleging a § 1983 claim against Reyes in his individual capacity; (2) the seventh cause of action alleging a discrimination claim under the New York State Human Rights Law

("NYSHRL") against the State Defendants; (3) the eighth cause of action alleging a discrimination claim under the NYSHRL against Reyes; and (4) the ninth cause of action alleging a discrimination claim under the NYSHRL premised on aiding and abetting liability against Reyes.

On August 30, 2019, the State Defendants filed its objections to Judge Lindsay's R&R. (ECF No. 22.) On September 3, 2019, Reyes filed his objections to Judge Lindsay's R&R. (ECF No. 23.) On September 13, 2019, Plaintiff filed a memorandum in opposition to the Defendants' objections to the R&R. (ECF No. 24.)

In reviewing a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see Brown v. Ebert, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of an R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and, for the following reasons, I agree with Judge Lindsay's R&R and adopt it as the opinion of this Court.

The State Defendants object to Judge Lindsay's recommendation that its motion to dismiss Plaintiff's seventh cause of action alleging a claim under the NYSHRL be denied. (State Defendants Obj. to R&R, at 1.) The State Defendants argue that Judge Lindsay did not address their argument that the NYSHRL required Plaintiff to allege that the State Defendants "encourg[ed], condon[ed], or approv[ed]" Reyes' conduct and that Plaintiff failed to do so because she did not plausibly allege that they had knowledge of Reyes' conduct. (Id.) However, the State

2

Defendants did not advance this argument in their underlying motion papers. In their memorandum in support of their motion to dismiss, the State Defendants set forth the elements of a *prima facie* case of discrimination and merely argued that "Plaintiff has failed to allege that she suffered an adverse employment action since she has failed to allege that there was any explicit alteration in the terms or conditions of her employment that resulted from her alleged refusal to submit to Defendant Reyes' alleged sexual advances." (Defs.' Mem., at 8–9.) In their reply brief, the State Defendants set forth the elements of a *prima facie* case of discrimination along with citations to federal cases outlining these elements and argued that "Plaintiff has failed to allege an inference of discriminatory intent on the part of the [State Defendants]" because Plaintiff did not allege "that she ever filed a complaint with the [New York State Office of Parks, Recreation and Historical Preservation] setting forth her allegations regarding Defendant Reyes" or "allege that the [State Defendants] were on notice of the alleged sexual harassment by Defendant Reyes at the time Plaintiff worked with him[.]" (See Defs.' Reply Mem., at 3–5.) It is clear that, in their original motion papers, the State Defendants did not argue that the NYSHRL required Plaintiff to allege that the State Defendants "encourg[ed], condon[ed], or approv[ed]" Reyes' conduct and that Plaintiff failed to do so because she did not plausibly allege that they had knowledge of Reyes' conduct. I will not consider an argument that was "not properly presented to the magistrate judge in the underlying motion papers" and was instead raised for the first time in an objection. Brand v. AIG Ins. Co., No. 15-CV-6286, 2018 WL 4344973, at *1 (E.D.N.Y. Sept. 11, 2018) (citing Wells Fargo Bank, N.A. v. Sinnott, No. 07-CV-169, 2010 WL 297830, at *2 (D. Vt. Jan. 19, 2010); Amadasu v. Ngati, No. 05-CV-2585, 2012 WL 3930386, at *5–7 (E.D.N.Y. Sept. 9, 2012). Accordingly, the State Defendants' objection to Judge Lindsay's R&R is denied.

Additionally, Reyes objects to Judge Lindsay's recommendation that his motion to dismiss the ninth cause of action alleging a New York state discrimination claim premised on aiding and abetting liability be denied. (Reyes Obj. to R&R, at 3.) Reyes argues that Judge Lindsay's recommendation should not be adopted because "the majority of district court cases to have addressed the issue [of whether an individual can be liable for aiding and abetting his own discriminatory conduct] have answered that question in the negative." (Id.) This objection to Judge Lindsay's R&R is denied.

For these reasons, Judge Lindsay's R&R is adopted in full as the opinion of this Court. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: September 30, 2019
Central Islip, New York

                 /s/ (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE