UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAURIE BENI,

                Plaintiff,

      -against-

STATE OF NEW YORK, NEW YORK STATE
OFFICE OF PARKS, RECREATION AND
HISTORIC PRESERVATION, AND JOSEPH
REYES, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY,

                Defendants.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
18-CV-615 (JMA) (ARL)

**FILED**
**CLERK**
3/23/2021 10:54 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      On January 29, 2018, plaintiff Laurie Beni ("Plaintiff") commenced this action against the State of New York, the New York State Office of Parks, Recreation, and Historic Preservation (the "State Defendants"), and Joseph Reyes, in his individual and official capacity (collectively, "Defendants"), alleging violations of Title VII, 42 U.S.C. § 200e, et seq., 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1985, and New York State law. (ECF No. 1.)

      In an earlier motion, dated October 19, 2018, the State Defendants moved to dismiss all the claims against them. (ECF No. 17.) On September 30, 2019, this Court adopted Magistrate Judge Arlene R. Lindsay's November 2, 2018 Report and Recommendation ("R&R") and dismissed all of Plaintiff's claims against the State Defendants, with the exception of the seventh cause of action that alleged discrimination under the New York State Human Rights Law ("NYSHRL"). (ECF No. 25.)

      Thereafter, following a pre-motion conference before the undersigned, the State Defendants moved to dismiss Plaintiff's surviving NYSHRL discrimination claim, arguing that

1

this claim is barred by the Eleventh Amendment and the Court therefore lacks subject-matter jurisdiction. (ECF No. 36.) They also raised two alternative arguments: (1) that the claim should be dismissed for failure to state a claim upon which relief can be granted; and (2) that the Court should decline to exercise pendent jurisdiction. (Id.)

For the reasons set forth below, the Court **GRANTS** the State Defendants' motion to dismiss the NYSHRL claim because it is barred by the Eleventh Amendment.

## I.  BACKGROUND

Plaintiff, a civilian employee of the New York State Office of Parks, Recreation, and Historic Preservation ("OPRHP"), alleges that a supervisor, Joseph Reyes, who was once the highest-ranking officer in the OPRHP, sexually harassed her, retaliated against her, and assaulted her. (ECF No. 1.) Judge Lindsay previously recounted the pertinent facts alleged in the complaint in comprehensive detail in her R&R, which was adopted in full as the opinion of the Court. (ECF Nos. 21, 25.) The Court incorporates the R&R's factual recitation by reference here.

## II.  DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see Fed. R. Civ. P. 12(b)(1). As the party asserting jurisdiction, Plaintiff bears the burden of showing by a preponderance of the evidence that the Court has subject-matter jurisdiction. APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003). In reviewing a motion to dismiss

brought under Rule 12(b)(1), the Court accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

### B. Sovereign Immunity

The State Defendants argue that Plaintiff's NYSHRL claim is barred by the Eleventh Amendment, and they are therefore entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (ECF No. 36.) The Court agrees.

In interpreting the Eleventh Amendment, the Supreme Court has consistently held that "nonconsenting states may not be sued by private individuals in federal court." Bd. of Trustees v. Garret, 531 U.S. 356, 363 (2001). This immunity extends to state agencies and departments as well. Papasan v. Allain, 478 U.S. 265, 276 (1986) (citing Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Caselaw makes clear that the State of New York—and its agencies and departments—has not consented to being sued in federal court by private individuals proceeding under the NYSHRL. See, e.g., James v. John Jay College, No. 19-CV-644, 2020 WL 1911211, at *8 (S.D.N.Y. Apr. 20, 2020) ("the NYSHRL does not waive New York State's sovereign immunity, or that of its instrumentalities."). The Court can only find waiver of sovereign immunity if waiver has been "unequivocally expressed" by the state. Pennhurst, 465 U.S. at 99. Indeed, "[w]aiver may not be implied." Sossamon v. Texas, 563 U.S. 277, 284 (2011).

Plaintiff does not challenge the application of this caselaw, and instead argues that the State Defendants have invoked the Eleventh Amendment merely "to avoid addressing reprehensible conduct endured [by] Plaintiff." (ECF No. 36-3 at 10.) Ultimately, this Court is not the appropriate forum for Plaintiff to contest the prudence of the Eleventh Amendment, and Plaintiff points to no authority that permits the Court to avoid its application to this case. Her only remaining argument—that the State Defendants' motion is untimely since their Eleventh Amendment

argument was not raised earlier—is belied by the fact that the Court granted the State Defendants permission to move. Further, the Court is unable to find an implied waiver of sovereign immunity because waiver only occurs if a state makes a "clear declaration" as to its intent to submit itself to the jurisdiction of the federal court. See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999). Accordingly, Plaintiff has failed to satisfy her burden to demonstrate that the Court has subject-matter jurisdiction.

In light of the foregoing, the State Defendants' motion is granted, and Plaintiff's NYSHRL claim is dismissed. Because the Court finds that Plaintiff's NYSHRL claim against the State Defendants is barred by the Eleventh Amendment, the Court need not address the State Defendants' alternative arguments.

### III.   CONCLUSION

For the reasons stated above, the State Defendants' motion to dismiss is **GRANTED**.

**SO ORDERED.**

Dated:  March 23, 2021
         Central Islip, New York

                                                      /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE